# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:03CR55-SNL |
| ) | |
| CUAUHTEMOC GONZALEZ-LOPEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pursuant to order of Court, a status conference was held September 1, 2005. Present were Assistant United States Attorneys Tiffany Becker and Dean Hoag. Defendant was present with counsel Karl W. Dickhaus and J. Richard MacEachern.

As an earlier trial in this matter was set aside because of concern as to defendant's selection of counsel, the Court inquired and defendant stated that he wished to have Joseph H. Low, IV as his counsel with Mr. Dickhaus and Mr. MacEachern as local counsel. The case was set for trial September 6, 2005 but because of the timing involved on September 2, 2005, the Court ordered the case removed from that trial setting subject to being reset if, in fact, a current motion to dismiss was denied. The motion to dismiss had been filed by counsel Dickhaus and the Court authorized counsel Low to enter his appearance on furnishing the proper credentials, and granted the government time to respond to the motion, and time for the defendant to reply.

The government has responded and the defendant has replied. In addition, Joseph Hawkins

Low, IV has entered his appearance *pro hac vice* and the Court finds that it is in proper form. Accordingly, Joseph Hawkins Low, IV will be granted leave to serve as lead attorney for defendant in this case.

The Court will now address defendant's motion to dismiss. Defendant's conviction of conspiracy to distribute in excess of 100 kilograms of marijuana was reversed by a decision of the United States Court of Appeals for the Eighth Circuit on March 8, 2005. Thereafter, the government filed petition for rehearing or for transfer to the court en banc. These motions were denied and the Court of Appeals issued its mandate on May 27, 2005 which was received by this court on May 31, 2005.

The government moved the Court of Appeals to recall its mandate on June 6, 2005 and defendant, with leave of court, responded June 16, 2005. The basis for the motion of the government was to obtain additional time to allow the Solicitor General of the United States to determine whether or not the decision reversing the earlier judgment in this case should be considered by the United States Supreme Court pursuant to a petition for a writ of certiorari. The Court of Appeals denied the government's motion to recall the mandate on July 13, 2005. Following that decision, this court assumed that the time running, under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161 (The Act) was excludable until the denial of the motion to recall the mandate on July 13, 2005. In an order on August 23, 2005, this Court determined, therefore, that the 70-day Speedy Trial Act time began to run on July 13, 2005 with the time expiring September 21, 2005. Accordingly, the Court set the case for trial September 6, 2005.

In his motion to dismiss, defendant argues that the 70 days should run from the date of the initial mandate of the Court of Appeals on May 27, 2005, or at least when the mandate was received

by this court on May 31, 2005. Defendant urges this Court to find that the time between either May 27, 2005 or May 31, 2005 and July 13, 2005, when the Court of Appeals denied the government's motion to recall the mandate is not excludable. Accordingly, following defendant's position, The Act's time of 70 days would expire August 5th or August 9, 2005. If the government's position is correct, The Act time would begin to run on July 13, 2005 and the 70 days would expire September 21, 2005.

Both parties rely on the interpretation of U.S. v. Long, 900 F.2d 1270 (8th Cir. 1990). In addition, defendant feels that a Tenth Circuit case supports his position that the motion to dismiss should be granted. See U.S. v. Scalf, 760 F.2d 1057 (10th Cir. 1985).

All parties agree that this case is governed by the provisions of The Act, 18 U.S.C. §§ 3161-3174 (1988). The Act requires trial to begin within 70 days after indictment, 18 U.S.C. § 3161(c), not counting time spent in certain proceedings. "If the defendant is to be tried again following an appeal . . . , the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. § 3161(e)."

As the mandate was received by this Court on May 31, 2005, the 70-day period, therefore, began to run the day after the mandate was received by this Court which was June 1, 2005. U.S. v. Long, 900 F.2d at 1276. Accordingly, the 70-day speedy trial time would run through August 9, 2005.

In U.S. v. Scalf, 760 F.2d at 1059, the Court addressed the issue squarely and held that the time involved in filing an application to seek certiorari or in making a decision to file such application is not excludable. The Court in Long also makes an analogous finding in which it was decided that the time it takes for the government to decide whether to file an interlocutory appeal of an

exclusionary order is not excludable time. Therefore, the Court finds that the period of time from when the government filed its motion with the Court of Appeals to recall the mandate to the time such request was denied on July 13, 2005 is not excludable time. To the extent that this Court has ruled otherwise in earlier orders, such ruling and finding is withdrawn.

On July 19, 2005, the government moved this Court for a continuance of a trial setting presenting to this Court, for the first time, a request for time to determine whether or not to petition the United States Supreme Court for certiorari because of the purported conflict of the appellate decision in this case with decisions in other circuits. On August 1, 2005, defendant requested an extension of time to respond to the government's motion which was granted, and a response was filed on that date.

Also on August 1, 2005 the Court entered an order authorizing the government additional time to file its reply to defendant's response to the motion for continuance. The reply deadline was August 17, 2005. In that order, the Court determined that the time from which the motion was filed until the Court ruled would be excludable time under the Act. The government's motion for continuance was filed July 19, 2005 and this Court, in effect, denied the request as on August 23, 2005 the case was reset for jury trial September 6, 2005. Defendant avers that the period between July 19, 2005 and August 23, 2005 should not be excludable time. The government urges the Court to find that it is.

Again, the government relies on U.S. v. Long stating "When the motions [pretrial motions] require no hearing, the excludable period runs from the date of filing until the Court receives all the parties' submissions regarding the motions." U.S. v. Long, 900 F.2d at 1274. The basis for the Court's decision in Long comes from The Act, § 3161(h)(1)(F). These sub-sections provide that

certain periods of delay shall be excluded such as "Delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

The motion for continuance here, filed by the government, would appear to be similar to the motion filed in the Court of Appeals to recall the mandate. As this Court has determined that that period of time was not excludable, it should not be excludable as well in the motion filed before this Court; yet, there is a distinction. The motion for continuance filed by the government is a pretrial motion. When filed in good faith and not for the purpose of delay and when it has been ruled on expeditiously, the motion meets the exception in §3161(h)(1)(F). Accordingly, this Court determines that the 35 days between July 19th and August 23, 2005 are excludable.

The initial running of the clock began June 1, 2005 and continued for 49 days until the government's motion was filed on July 19, 2005. The time began running again on August 24, 2005, the day after the Court denied the motion for continuance. The Court holds that this order will take precedence over the Court's findings in its order of August 1, 2005 and August 23, 2005 to the extent that the findings in those orders may conflict with the findings here.

Certainly other facts are important to enumerate showing that there has been additional tolling up to the time of this order.

As has been referred to earlier, counsel Karl Dickhaus represented the defendant at the time of the initial trial when defendant had indicated that he would have preferred for counsel Joseph Low to represent him. The Court of Appeals agreed and determined that Low was defendant's counsel of choice and should be entitled to represent him throughout these proceedings, particularly in a new trial. The case was assigned to this judge June 23, 2005. Nonetheless, following the issuance of the

mandate of the Court of Appeals, counsel Dickhaus continued to represent the defendant and counsel Low did not request authority to represent the defendant on a *pro hac vice* basis. Had such counsel filed the request, this Court would have been obligated to grant it pursuant to the Court of Appeals' decision. Neither defendant nor any of his counsel took any action to determine who defendant's counsel was to be on remand for a new trial. All the while, at various times, The Act's time was running.

Finally, the Court, realizing the urgency of the situation and the need for defendant to have the right to go to trial reset this case for a jury trial September 6, 2005.

On August 30, 2005 the Court ordered the parties to be present for a status conference on Thursday, September 1, 2005. At the conference, defendant was present with local counsel Dickhaus and his associate, J. Richard MacEachern as was counsel for the government. Counsel Low was not present although the Court had sent him facsimile copy of the notice of hearing. At the hearing, defendant reaffirmed that he wished attorney Low to represent him on retrial, with counsel Dickhaus and MacEachern serving as local counsel.

On August 31, 2005 the day before the September 1, 2005 status conference hearing, the current motion to dismiss was filed by counsel Dickhaus. In addition, counsel Dickhaus filed a request for counsel Low to be admitted to practice *pro hac vice* for the purpose of representing the defendant. This Court denied that request as it must come directly from counsel Low, but stated that counsel Low could file motion to be admitted to practice solely for the purpose of representing this defendant in this case, on a *pro hac vice* basis, and the Court would accept a facsimile request because of time constraints. Assuming the motion was in proper form and the filing fee paid, this Court indicated that the request from Mr. Low to represent defendant on a *pro hac vice* basis would

be granted. This Court had not seen the motion to dismiss at the time of the September 1st hearing but at that hearing, directed that the government respond to the motion, and that defendant could reply to the response. The Court indicated that if the motion was granted, this case would be terminated. Otherwise, it would be reset for trial as counsel for defendant could not be ready. In conferring with all counsel, Dickhaus having conferred with Low, it appeared that all counsel could be available for trial on October 17, 2005. The Court, therefore, took the motion under advisement as of September 1st.

On September 2, 2005 counsel Low filed proper motion for leave to appear *pro hac vice* and that request will be granted. Accordingly, counsel Low, defendant's counsel of choice, is now appearing for the first time as counsel for the defendant. The Court finds, therefore, that the period of time from August 30, 2005 when the Court ordered a status conference until October 17, 2005 when the case is to be tried is excludable time.

While it is the burden of the government to try a defendant within the Speedy Trial time limits, the circumstances of this case have made that somewhat difficult. The entire predicate of the re-trial of this case pursuant to the mandate of the Court of Appeals is that the defendant is entitled to be represented by counsel of his choice. Throughout, that counsel has been Low. Nonetheless, Low has never attempted to enter an appearance for the defendant following the mandate until after this Court held the status conference and Low requested leave to enter his appearance on September 2nd. Had the Court not held a status conference, the case would have gone to trial September 6th, again without defendant's counsel of choice being present for him. Assuming another conviction and an appeal, the case would be remanded once again as counsel of choice would not have represented defendant. The Court finds that defendant should not be allowed to take advantage of this impossible

situation by allowing the Speedy Trial time to run.  See § 3161(h)(1)(J).

The Act also provides, § 3161 (e), that on retrial following an appeal the Court may extend the period for retrial not to exceed one hundred eighty days from the date the action occasioning the retrial [here the appeal's court mandate] becomes final if unavailability of witnesses <u>or other factors</u> resulting from passage of time shall make trial within seventy days impracticable. (emphasis added). Certainly, the attorney problem in this case is another factor making the 70-day period impracticable.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss is **DENIED** for the reasons set out herein.

**IT IS FURTHER ORDERED** that the motion of counsel Joseph H. Low IV for leave to appear *pro hac vice* as counsel for defendant to represent him in this case is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **RESET** for trial October 17, 2005.

**IT IS FINALLY ORDERED** that the findings and rulings herein shall take precedence over any other order issued by this Court which may be in conflict with this order.

Dated this ___14th___ day of September, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE